ATTORNEY DISCIPLINARY PROCEEDINGS
|,PER CURIAM. *
This attorney disciplinary proceeding arises from formal charges instituted by the Office of Disciplinary Counsel (“ODC”) against respondent, Anthony J. Bruscato, an attorney licensed to practice law in the State of Louisiana. The charges allege respondent failed to properly inform his clients that their case had prescribed.[1]
UNDERLYING FACTS
On October 15, 1991, Mary Alice Gaines was injured, during the course of her employment on the potato farm of W.J. Witcher, when her arm became caught in a harvester, resulting in amputation of the arm above the elbow. Willie Gaines, the husband of Mrs. Gaines, contacted respondent for the purpose of instituting a personal injury or worker’s compensation claim against Mr. Witcher. At that time, Mr. Gaines allegedly told respondent that the date of the accident was “last Tuesday,” which respondent took to mean October 22, 1991. Respondent made no effort to verify the date of the accident by obtaining Mrs. Gaines’ medical records prior to filing suit.
On October 22, 1992, respondent’s associate, J. Antonio Tramontana, who had been handling the Gaines matter under respondent’s supervision, filed a personal injury action against Mr. Witcher on behalf of Mr. and Mrs. Gaines.[2] In response, *646 Mr. Witcher’s attorney filed an exception | P,of prescription asserting the claim had prescribed on October 15,1992.
Upon learning of the filing of the exception, respondent obtained for the first time the sheriffs report and all medical reports, which verified the accident took place on October 15, 1991. He then directed Mr. Tramontana to dismiss the suit without prejudice.[3]
Respondent maintained that he next spoke to the Gaineses in September or October, 1993, almost a year later, when they showed up unannounced at his office seeking information as to the status of their case. Specifically, he stated that he advised them they had a claim against Mr. Witcher for compensation, but that Mr. Witcher was uninsured and insolvent. As to the Mississippi products liability claim against the manufacturer, he claimed he advised them that it did not appear to be a valid collectible action, based on the expert’s opinion, and that Mrs. Gaines could recover more from Social Security disability benefits since she had worked for minimum wage. Respondent claims his clients decided at that time that they would seek Social Security benefits and not pursue the other claims. However, at no time during this alleged meeting did respondent advise his clients of the filing of the exception of prescription or the dismissal of their suit.
By contrast, Mrs. Gaines testified that the meeting never took place. She asserted she did not learn of the exception and dismissal until January, 1996, at which time she obtained a copy of her file from respondent and retained new counsel to handle her tort case.[4]
DISCIPLINARY PROCEEDINGS
After conducting an investigation into the matter, the ODC instituted formal charges alleging respondent violated Rules 1.1(a), 1.3, 1.4 and 8.4(a), (c), (d) of the Rules of Professional |3Conduct. Specifically, the ODC alleged respondent failed to act with reasonable diligence and promptness in representing his clients, failed to properly communicate with and advise his clients about the prescription issue, and misled his clients about the status of their case. Respondent filed an answer essentially denying any misconduct.
A formal hearing was conducted. At the hearing, respondent admitted that he never advised Mr. and Mrs. Gaines of the filing of the exception of prescription and the dismissal of their suit without prejudice. He indicated he believed it was Mr. Tramontana’s responsibility to notify them, since he was the attorney handling the file. He admitted, however, that he did not specifically tell Mr. Tramontana to call the clients.
Mr. Tramontana’s deposition testimony, produced in connection with the malpractice action, revealed that he did not notify Mr. and Mrs. Gaines of the prescription problem because he believed respondent *647 had taken over the case when the exception was filed. He further testified that he believed once respondent negotiated the dismissal with opposing counsel, respondent would ultimately speak to the clients.

Hearing Committee Recommendation

The committee concluded it was proven by clear and convincing evidence that respondent did not advise Mrs. Gaines that her suit against Mr. Witcher was untimely filed and that the case was dismissed. The committee found the ODC failed to prove respondent violated Rule 1.1[5] when he negligently permitted the claim to prescribe. However, it unanimously found violations of Rules 1.4[6] and 8.4(d)[7] stemming from the failure to disclose that the suit had not been timely filed, that an exception of prescription had been filed, and that respondent voluntarily dismissed the case.
|4In determining an appropriate sanction, the hearing committee noted respondent’s failure to disclose was intentional and a violation of a duty to his client, but it was not prepared to find the acts were done out of a dishonest motive. Relying on the ABA Standards for Imposing Lawyer Sanctions[8] and jurisprudence from this court, it determined a public reprimand to be the “least onerous sanction” since the misconduct did not result in direct damages. After recognizing the presence of several aggravating and mitigating factors,[9] the committee recommended a public reprimand be imposed.

Disciplinary Board Report

The disciplinary board concurred in most of the findings of the hearing committee. However, it determined the committee erred when it failed to find that the ODC proved by clear and convincing evidence that respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Rule 8.4(c).[10] Based on this finding, it recommended respondent be suspended from the practice of law for a period of sixty days and assessed with all costs.[11]
*648 Respondent filed an objection in this court to the board’s recommendation, and the matter was set for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
I .DISCUSSION
Based on our review of the record, we conclude respondent clearly failed to advise his clients that their suit had been dismissed due to prescription problems. Even assuming respondent delegated responsibility over the suit to his associate, he still, had the duty of ensuring his clients were informed of the status of their case. Respondent’s own testimony establishes that he personally met with his clients in the fall of 1993, but failed to advise them at that time that their case had been dismissed.
Considering all these factors, we conclude the sixty day suspension recommended by the disciplinary board is appropriate.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, briefs and oral argument, it is the decision of the court that respondent, Anthony J. Bruscato, be suspended from the practice of law for a period of sixty days. All costs and expenses of these proceedings are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1.
LEMMON, and JOHNSON, JJ., dissent and assign reasons.

 Calogero, C J. not on panel. Rule IV, Part II, § 3.

. The hearing committee and disciplinary board found no merit to the second count of the formal charges, which alleged violations of Rules 1.15, 1.16(d) and 8.4(a), (d) of the Rules of Professional Conduct, stemming from respondent’s alleged failure to timely turn over client property. No objection has been filed by the parties to this finding; thus, we will only address those facts and findings pertinent to the first count of the formal charges.

. On February 11, 1992, respondent filed a petition on behalf of his clients, to perpetuate and preserve evidence, without designating any defendants. Specifically, he sought an order to take Mr. Witcher’s deposition, to inspect the harvester and to prevent the machine from being destroyed. After the relief was judicially granted, respondent hired an expert to inspect the harvester and Mr. Witch-er’s deposition was taken. During the deposition, respondent referred to the accident date as being October 22, 1991, and he was not corrected by Mr. Witcher or his representing counsel. At the time, respondent also learned *646 that Mr. Witcher did not have worker's compensation insurance and was practically insolvent.

. Respondent later testified that he filed the motion to dismiss because he believed the petition to perpetuate was a valid interruption of prescription. Moreover, because the harvester manufacturer was a resident of Mississippi, respondent knew that he had another year to file suit under Mississippi law. Subsequently, at respondent's direction, Mr. Tra-montana contacted a Mississippi lawyer to discuss filing the products liability suit.

. The Gaines’ new attorney, upon learning of the prescription problems and the dismissal of the tort suit, advised respondent that he was contemplating a malpractice action. Shortly thereafter, respondent filed a supplemental and amending petition on behalf of the Gaineses, without their consent, naming Mr. Witcher and the product manufacturer. The petition was filed under the same docket number as the petition to perpetuate evidence and testimony. Ten days later, respondent was discharged as counsel for Mr. and Mrs. Gaines. Mr. Witcher’s attorney filed, among other things, an exception of prescription, which was granted by the trial court, which concluded that the filing of the petition to perpetuate had not interrupted prescription.

. Rule 1.1 provides:
(a) A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation necessary for the representation.

. Rule 1.4 provides:
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with' reasonable requests for information.

. While the committee refers to Rule 8.4(c) in its recommendation, it appears the committee is actually referring to Rule 8.4(d), which provides it is professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice.”

. The committee relied on the following ABA Standards:
Standard 7.2 provides "[sjuspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public, or the legal system.”
Standard 7.3 provides “[rjeprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.”

. The committee noted as aggravating factors: vulnerability of the victim, failure to acknowledge wrongful conduct (although it concluded respondent offered persuasive evidence to the effect that his conduct was understandable and did not result in any harm) and substantial experience in the practice of law. In mitigation, it noted respondent’s lack of a prior disciplinary record, lack of dishonest or selfish motive, cooperative attitude, remorse in his inability to handle the tort claim successfully and reputation as an honest and effective lawyer.

. Rule 8.4(c) provides:
It is professional misconduct for a lawyer to:
(c) Engage in conduct involving fraud, deceit, dishonesty or misrepresentation.

. Three members of the board filed written dissents, deviating from the board majority's finding that respondent's conduct with respect to the failure to communicate charge constituted a violation of Rule 8.4(c). While one member opined that a dismissal of the charges is appropriate, the two other members concurred in the hearing committee's recommendation of a public reprimand.