*Supreme Court of Louisiana*

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #036

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **29th day of June, 2017**, are as follows:

**BY PER CURIAM**:

2017-B-0067        IN RE: CHARLES L. DIRKS, III

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the briefs filed by the parties, it is ordered that Charles L. Dirks, III, Louisiana Bar Roll number 25650, be and he hereby is suspended from the practice of law for sixty days. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

SUPREME COURT OF LOUISIANA

NO. 2017-B-0067

IN RE: CHARLES L. DIRKS, III

ATTORNEY DISCIPLINARY PROCEEDING

PER CURIAM

This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Charles L. Dirks, III, an attorney licensed to practice law in Louisiana.

**UNDERLYING FACTS**

In 2009, Sharon Landrum retained respondent to represent her in a claim for wrongful termination. Respondent initiated a complaint on Ms. Landrum's behalf with the Equal Employment Opportunity Commission ("EEOC") and obtained a right to sue letter from the EEOC.

During the discovery phase of the proceedings, in particular the depositions of Ms. Landrum and her former manager, respondent learned that Ms. Landrum had not provided him with all the facts surrounding the case. Respondent advised Ms. Landrum that in his professional opinion, the case would likely be dismissed.

Ms. Landrum's employer then filed a motion for summary judgment in the case. Respondent did not file an opposition to the motion as he did not believe he had any evidence to contradict the admissions Ms. Landrum had made during her deposition. The motion was granted and the case was dismissed in August 2013.

For approximately one year after the court dismissed her case, Ms. Landrum contacted respondent on numerous occasions to check on the status of her case. In

text messages to Ms. Landrum, respondent routinely advised that he had not heard anything from the court about the case and indicated that he would check on it. In August 2014, Ms. Landrum looked into the matter herself and learned that her case had been dismissed a year earlier.

Ms. Landrum filed a complaint against respondent with the ODC. In his October 2014 response to the complaint, respondent specifically stated:

> I did not see the ruling issued on this matter. Ms. Landrum asked me about the Motion for Summary Judgment many times. I checked my electronic notices each time and other times to see if I received a ruling. I have checked my notices several more times and do not see where I received an electronic notice, however, it is my responsibility regardless.

In the course of the ODC's investigation, respondent gave a sworn statement in which he acknowledged that he had received the judgment dismissing Ms. Landrum's case "within a week, give or take" of when it was rendered by the court. By way of explanation for not telling Ms. Landrum that her case had been dismissed, respondent stated that he was upset with his client because she misled him about the true facts of the case, and he just "didn't want to deal with it."

## DISCIPLINARY PROCEEDINGS

In October 2015, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.4 (failure to communicate with a client) and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent answered the formal charges and admitted his misconduct. The matter then proceeded to a hearing in mitigation, which was conducted by the hearing committee in April 2016. Respondent was the only witness to testify before the committee.

2

*Hearing Committee Report*

After considering the testimony and evidence presented at the hearing, the hearing committee made factual findings consistent with the underlying facts set forth above. Based on these findings, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.

The committee found that respondent knowingly violated a duty owed to his client, the legal system, and the legal profession. His conduct had the potential to cause serious harm to his client. According to respondent, the information his client had failed to disclose dealt a serious blow to her case, from which it was highly doubtful that she could recover; however, by intentionally failing to inform his client of the dismissal of her case in a timely manner, she was prevented from seeking appellate review of the trial court's decision. After considering the ABA's *Standards for Imposing Lawyer Sanctions*, the committee determined the baseline sanction is suspension.

In aggravation, the committee found substantial experience in the practice of law (admitted 1998). In mitigation, the committee found the absence of a prior disciplinary record and remorse.

Under these circumstances, the committee recommended respondent be suspended from the practice of law for sixty days. The committee further recommended respondent be assessed with all costs of these proceedings.

The ODC filed an objection to the hearing committee's report, arguing that the recommended sanction was unduly lenient. The ODC later withdrew its objection and concurred in the sanction recommended by the committee.

*Disciplinary Board Recommendation*

After review, the disciplinary board determined that the hearing committee's factual findings are supported by the record and are not manifestly erroneous. The board also determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.

The board determined respondent knowingly violated a duty owed to his client. His misconduct did not cause actual harm, as it appears very unlikely that his client had a viable cause of action. However, his misconduct deprived her of the ability to appeal the court's ruling, which created the potential for harm. After considering the ABA's *Standards for Imposing Lawyer Sanctions*, the board determined the baseline sanction is suspension.

In aggravation, the board found substantial experience in the practice of law, a dishonest or selfish motive, and the submission of false statements during the disciplinary process. In mitigation, the board found the absence of a prior disciplinary record and sincere remorse, noting that respondent candidly admitted the misconduct and did not attempt to offer excuses for same.

After further considering this court's prior jurisprudence involving similar misconduct, the board recommended respondent be suspended from the practice of law for sixty days. The board further recommended respondent be assessed with all costs and expenses of this matter.

Respondent filed an objection to the disciplinary board's recommendation. Pursuant to Supreme Court Rule XIX, § 11(G)(1)(b), the case was scheduled on our docket. Thereafter, the parties filed a joint motion seeking to waive oral argument. We granted the motion and now consider the case based upon the record and the briefs filed by the parties.

**DISCUSSION**

4

Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. *In re: Banks*, 09-1212 (La. 10/2/09), 18 So. 3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. *See In re: Caulfield*, 96-1401 (La. 11/25/96), 683 So. 2d 714; *In re: Pardue*, 93-2865 (La. 3/11/94), 633 So. 2d 150.

The record supports a finding that respondent failed to properly communicate with his client regarding the status of her case and provided false information to his client and to the ODC. Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.

Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. *Louisiana State Bar Ass'n v. Reis*, 513 So. 2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. *Louisiana State Bar Ass'n v. Whittington*, 459 So. 2d 520 (La. 1984).

Respondent knowingly violated duties owed to his client and the legal profession, causing the potential for serious harm. The baseline sanction for this type of misconduct is suspension. The aggravating and mitigating factors found by the disciplinary board are supported by the record.

5

A case which provides insight into the appropriate discipline for making false statements is *In re: Bordelon*, 04-0759 (La. 1/7/05), 894 So. 2d 315. In that case, we imposed a sixty-day suspension upon an attorney whose sole misconduct consisted of his false statements to the ODC in connection with a disciplinary matter. As to respondent's failure to inform his client about the dismissal of her case, we find that *In re: Bruscato*, 99-0287 (La. 6/4/99), 743 So. 2d 645, is instructive. In that case, we imposed a sixty-day suspension upon an attorney who failed to file a client's personal injury suit before the prescriptive deadline, then filed a motion to dismiss the suit without prejudice without informing his client of the prescription issue.

In the instant matter, respondent's misconduct caused his client to lose her right to appeal, although it did not cause her to lose her right of action. Because the merits of her matter were at least initially considered by a court, the harm is arguably not as great as was seen in *Bruscato*. However, respondent was also dishonest with his client for nearly a year regarding the status of her case and was dishonest with the ODC in his response to the complaint regarding the time frame in which he learned of the dismissal. Under the circumstances, we agree that an actual period of suspension is warranted.

Considering our decisions in *Bordelon* and *Bruscato*, we agree that the sixty-day suspension recommended by the hearing committee and the disciplinary board is appropriate. Accordingly, we will suspend respondent from the practice of law for sixty days.

**DECREE**

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the briefs filed by the parties, it is ordered that Charles L. Dirks, III, Louisiana Bar Roll number 25650,

6

be and he hereby is suspended from the practice of law for sixty days. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.